**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:26-cv-00056-FDW**

| | | |
|---|---|---|
| **ERIC CHRISTOPHER ORR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **DEAN WALSH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Reopen" [Doc. 101], which he purports to make pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.

Pro se Plaintiff Eric Christopher Orr ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. He filed this action on June 17, 2024, in the United States District Court for the Eastern District of North Carolina, seeking relief for three alleged use of excessive force incidents which occurred in September and October 2023 at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. [Case No. 5:24-ct-03154-BO-RJ (E.D.N.C.), Doc. 1].

After Defendants answered Plaintiff's Complaint, the Court appointed the North Carolina Prisoner Legal Services (NCPLS) to conduct discovery for the Plaintiff. [Docs. 18, 19 at 1]. On August 21, 2025, NCPLS counsel notified the Court that he had assisted Plaintiff with discovery and provided legal advice in this case. [Doc. 25]. After reviewing the discovery, NCPLS counsel opted not to provide Plaintiff with further representation. [Id.].

Eventually, the matter was transferred here. [Doc. 76]. On October 1, 2026, the Court granted summary judgment for the Defendants, finding no genuine issues of material fact relative

to the three use of force incidents.[1] [Doc. 99]. Judgment was entered the same day. [Doc. 100].

Plaintiff now purports to move to "[r]eopen his claim" pursuant to Rule 60(b)(3), which allows for relief from a final judgment or order based on fraud, misrepresentation, or misconduct by an opposing party.[2] [Doc. 101]. Primarily, Plaintiff recounts his version of the events that were at issue and claims the Defendants committed "misconduct" by omitting certain video footage, most of which would not have been relevant in any event. [See Doc. 101]. Plaintiff asks the Court to reopen the case and to obtain "any camera footage and documents" concerning the cell extraction and to "gather any other exhibits[ ] pertaining to [Defendants'] misconduct." [Id. at 8].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d

---

[1] The Court herein incorporates that Order by reference.

[2] A motion to reconsider may be considered as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). MLC Auto., LLC v. Town of S. Pines, 532 269, 278-80 (4th Cir. 2008). "The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that 'a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.'" Bank v. M/V "Mothership", 427 F.Supp.3d 655, 659 (D. Md. May 20, 2019) (quoting Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (citations omitted)). "A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60[.]" Id. at 659 (citation omitted). Because Plaintiff's motion was filed within 28 days of the Court's Order and Clerk's Judgment, the Court will consider it under Rule 59(e).

1076, 1082 (4th Cir. 1993). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when the Court granted summary judgment for Defendants, nor does his motion stem from an intervening change in the applicable law or a clear error of law. Rather, Plaintiff again presents his version of the relevant events and asks the Court to conduct discovery for him in a closed case relative to which he was previously provided discovery assistance. The Court, therefore, will deny Plaintiff's motion to reopen.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 101] is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 27, 2026

Frank D. Whitney
Senior United States District Judge